# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARRYL MCGORE,

    Plaintiff,

v.                                               Case No. 10-10927
                                                    Hon. Lawrence P. Zatkoff

OFFICER NEWHALL and
OFFICER ALEXANDER,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Plaintiff Darryl McGore, a prisoner incarcerated at Oaks Correctional Facility in Manistee, Michigan, filed a 42 U.S.C. § 1983 civil-rights complaint. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). For the reasons stated, the Court denies Plaintiff's application to proceed without prepayment of fees and costs and dismisses his complaint pursuant to 28 U.S.C. § 1915(g).

### II. DISCUSSION

The Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to

prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g) is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178–82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723–26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821–22 (5th Cir. 1997).

Plaintiff has been an active litigant in this Court. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, or failed to state a claim. *See McGore v. Mich. Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25,

1995); *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). Although all of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, Plaintiff previously has been denied leave to proceed *in forma pauperis* on several occasions for having three strikes. *See McGore v. Mich. Parole Bd.*, No. 09-cv-922 (W.D. Mich. Oct. 23, 2009); *McGore v. Lutz*, No. 09-cv-13573 (E.D. Mich. Oct. 7, 2009); *McGore v. Curtin*, No. 1:09-cv-820 (W.D. Mich. Sept. 21, 2009); *McGore v. Lutz*, No. 09-13031 (E.D. Mich. Aug. 11, 2009); *McGore v. Rich*, 1:09-cv-395 (W.D. Mich. May 12, 2009); *McGore v. McKee*, 1:04-cv-421 (W.D. Mich. June 29, 2004); *McGore v. Gundy*, No. 1:00-cv-490 (W.D. Mich. Sept. 7, 2000); *McGore v. Gundy*, No. 1:00-cv-486 (W.D. Mich. July 19, 2000); *McGore v. Gundy*, No. 1:00-cv-155 (W.D. Mich. Mar. 15, 2000); *McGore v. Gundy*, No. 1:98-cv-367 (W.D. Mich. Nov. 12, 1998); *McGore v. Mich. Dep't of Corrs.*, No. 1:97-cv-202 (W.D. Mich. Apr. 4, 1997).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.* The events giving rise to Plaintiff's complaint do not pose an imminent danger of serious physical injury.

Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff has filed more than three previous lawsuits that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. It also finds that Plaintiff has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three-strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court DENIES Plaintiff's application to proceed without prepayment of fees or costs and DISMISSES his complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Finally, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 4, 2010.

                                      S/Marie E. Verlinde  
                                      Case Manager  
                                        (810) 984-3290